AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Penalty Sheet Attachment.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ TERRENCE PATRICK GOGGIN,

DISTRICT COURT NUMBER
CR 18-00415 JD

FILED
SEP 13 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

**PROCEEDING**
Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   KATIE BURROUGHS MEDEARIS

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

*U.S. v. Goggin – CR 18-00415 JD*

## PENALTY SHEET ATTACHMENT

**Counts One Through Four:**

18 U.S.C. § 1343 — Wire Fraud

Maximum Penalties:
- 20 years imprisonment (18 U.S.C. § 1343)
- $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
- 3 years of supervised release (18 U.S.C. § 3583(b)(2))
- $100 special assessment (18 U.S.C. § 3013)

**Counts Five Through Thirteen:**

18 U.S.C. § 1957 — Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity

Maximum Penalties:
- 10 years imprisonment (18 U.S.C. § 1957(b)(1))
- $250,000 fine or twice value of criminally derived property involved in transaction (18 U.S.C. §§ 1957(b)(2), 3571(b)(3))
- 3 years of supervised release (18 U.S.C. § 3583(b)(2))
- $100 special assessment (18 U.S.C. § 3013)

# United States District Court

**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

CR 18-00415 JD

UNITED STATES OF AMERICA,

V.

TERRENCE PATRICK GOGGIN,

**FILED**

SEP 13 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DEFENDANT.

**SUPERSEDING INDICTMENT**

18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_Helga Gansa_
Foreman

Filed in open court this 13 day of SEPT 2018

_Ivy L. Garcia_
Clerk

9/13/18

Bail, $ **NO PROCESS**



ALEX G. TSE (CABN 152348)
United States Attorney

FILED

SEP 13 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRENCE PATRICK GOGGIN,<br><br>Defendant. | NO. CR 18-00415 JD<br><br>VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) & 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>OAKLAND VENUE<br><br>[UNDER SEAL] |

SUPERSEDING INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Superseding Indictment:

1.   TERRENCE PATRICK GOGGIN (GOGGIN) was the Chairman and Chief Executive Officer (CEO) of Aegis Holding Company, LLC (Aegis), a California limited liability company (LLC) originally located in San Francisco, California, and later located in Berkeley, California. GOGGIN was also the founder and CEO of Metropolitan Coffee and Concession Company, LLC (MC2), a California LLC originally located in San Francisco, California, and later located in Berkeley, California.

SUPERSEDING INDICTMENT
[UNDER SEAL]

1

Document No. 3
District Court
Criminal Case Processing

2. MC2 was formed to operate several retail centers in Bay Area Rapid Transit (BART) stations in the San Francisco Bay Area. Aegis held a BART Station Retail Permit and planned to construct, build-out, manage, and operate eight Peet's Coffee & Tea (Peet's) retail centers in BART stations. By mutual agreement between MC2 and BART, MC2 constructed and built-out four Peet's retail centers in BART stations at Downtown Berkeley, Embarcadero, Montgomery, and Pittsburg/Bay Point (the Existing Retail Centers). From July 2007 through February 26, 2014, GOGGIN, and others at his direction, solicited investor money to build-out the Existing Retail Centers and future Peet's retail centers at the Civic Center and Balboa Park BART stations (the Future Retail Centers).

3. In September 2013, MC2 secured funding from private equity investors to build-out the Future Retail Centers. A group of four private equity investors formed Lakeshore Partners, LLC (Lakeshore) to provide a mechanism to invest in the build-out and operation of a Peet's retail center at the Civic Center BART station. Lakeshore was a California LLC located in Oakland, California. In addition, B.W., the trustee and individual beneficiary of a private family trust, provided money to MC2 for the build-out and operation of a future Peet's retail center at the Balboa Park BART station. As the CEO of MC2, GOGGIN signed separate investment agreements with Lakeshore and B.W. to formalize the amount and terms of their respective investments. These agreements detailed the specific BART stations for which the investment monies were being provided, namely Civic Center for Lakeshore and Balboa Park for B.W.

4. JPMorgan Chase, California Bank of Commerce, Wells Fargo, and East West Bank were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation. Wire transfers to and from these banks in California, and deposits of checks or electronic transfers to these banks in California, caused interstate wire transfers during the processing of the monetary transactions. A FedWire transfer causes an interstate wire.

5. MC2 investor monies, including funds provided by Lakeshore and B.W., were deposited into MC2's JP Morgan Chase Account ending in -4070 (the MC2 Account). As part of the scheme to defraud, GOGGIN made false representations and omissions to Lakeshore, B.W., and other MC2 investors, from at least 2011 through February 24, 2014. Specifically, GOGGIN represented, and had

SUPERSEDING INDICTMENT
[UNDER SEAL]

others represent at his direction, to Lakeshore and B.W. that their money would be used to fund the build-out of the Future Retail Centers and claimed construction would begin upon receipt of these funds, knowing these statements to be false and intending to use these funds for other purposes. In addition, GOGGIN represented, and had others represent at his direction, to Lakeshore and B.W. that they would receive a reliable, high-rate of return on their investments based on the reportedly positive performance of the Existing Retail Centers, knowing these representations to be false. In soliciting investments from Lakeshore and B.W., GOGGIN omitted information about the poor state of MC2's finances, GOGGIN's history of using MC2 investor funds for non-approved purposes and personal spending, and the state of negotiations between MC2 and BART regarding the construction of the Future Retail Centers. As a result of these misrepresentations and omissions, Lakeshore and B.W. invested $585,000 and $100,000, respectively, in the Future Retail Centers.

6. GOGGIN diverted and directed his employees to divert the Lakeshore and B.W. investment monies from the MC2 Account to other business bank accounts associated with ventures unconnected to MC2. GOGGIN also misused the investment monies from Lakeshore and B.W. for his personal benefit.

7. In addition to MC2 and Aegis, GOGGIN was CEO of Aegis Atlantic LLC (Aegis Atlantic), a Delaware company, which was formed to oversee GOGGIN's ventures on the east coast of the United States. One of these ventures was a restaurant named Preserve24, which was located at 177 E. Houston St. in New York City, New York. GOGGIN built-out and operated Preserve24 through Aegis Atlantic LLC and Preserve24 LCC. In connection, GOGGIN also established Aegis Holding Houston LLC (Aegis Houston), which was named after the street address of Preserve24.

8. Aegis Atlantic LLC held a separate JP Morgan Chase Account ending in -4379 (the Aegis Atlantic Account). Preserve24 also held a JP Morgan Chase Account ending in -5020, which it used for payroll for the restaurant employees (the Preserve24 Account). Aegis Houston held a separate JP Morgan Chase Account ending in -5797 (the Aegis Houston Account).

9. GOGGIN directed his employees to transfer money from the MC2 Account to Aegis Atlantic Account, Preserve24 Account, and Aegis Houston Account. These bank accounts were not

SUPERSEDING INDICTMENT
[UNDER SEAL]

used to fund the build-out or operation of the Future Retail Centers. As such, GOGGIN did not use the investment money from Lakeshore or B.W. for the agreed-upon purposes.

10. GOGGIN held Automated Teller Machine (ATM) cards connected to and/or was a signatory on the Aegis Atlantic Account, the Preserve24 Account, the Aegis Houston Account, and the MC2 Account. GOGGIN routinely used money from the Aegis Atlantic Account and the Aegis Houston Account for his personal expenses. Money in the Aegis Atlantic Account and Aegis Houston Accounts frequently originated from investor funds from the MC2 Account.

11. In 2013, GOGGIN transferred or directed his employees to transfer money from the Aegis Houston Account to a girlfriend in Thailand on at least twenty-three occasions and in amounts up to $9,000. These international transfers were unconnected to his business ventures in New York and California. The funds transferred from the Aegis Houston Account to Thailand included money originating from Aegis Atlantic Account. In turn, the Aegis Atlantic Account was often funded by money diverted from the MC2 Account at GOGGIN's direction.

COUNTS ONE THROUGH FOUR: (18 U.S.C. § 1343 – Wire Fraud)

12. The factual allegations of Paragraphs 1 through 11 are re-alleged and incorporated as if fully set forth herein.

13. Beginning on a date unknown, but no later than 2011, and continuing through a date unknown, but through February 26, 2014, in the Northern District of California and elsewhere, the defendant,

TERRENCE PATRICK GOGGIN,

did knowingly and with the intent to defraud, devise, and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

Execution of the Scheme

14. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant did knowingly transmit and cause to be transmitted the following

SUPERSEDING INDICTMENT
[UNDER SEAL]

writings, signs, signals, pictures, and sounds in interstate and foreign commerce by means of wire communications:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 1 | 9/12/2013 | Wire transfer in the amount of $585,000 from Lakeshore via California Bank of Commerce Account ending in -4875 to the MC2 Account, via Fedwire. |
| 2 | 9/17/2013 | Email forwarded by T.B. to investor B.W. on behalf of MC2 providing the "bank info" for the MC2 Account for B.W.'s "wire." |
| 3 | 9/18/2013 | Wire transfer in the amount of $100,000 from trustee B.W.'s Wells Fargo Bank Account ending in -2862 to the MC2 Account, via Fedwire. |
| 4 | 2/6/2014 | Email from MC2 human resources manager, M.T., to an Aegis/MC2 officer, J.S., informing J.S. that healthcare benefits for Preserve24 employees were paid from the MC2 Account based on a "direct order" that M.T. received from GOGGIN wherein GOGGIN asserted his authority as CEO by stating he "controls everything and can do anything" and he is "'God' no correction, he is 'more powerful than God.'" |

Each in violation of Title 18, United States Code, Section 1343.

<u>COUNTS FIVE THROUGH THIRTEEN</u>:   (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

15.   The factual allegations of Paragraphs 1 through 14 are re-alleged and incorporated as if fully set forth herein.

16.   Among other transactions, on or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

TERRENCE PATRICK GOGGIN,

did knowingly engage in a monetary transaction by and through a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as set forth below, such funds having been derived from the specified unlawful activity of wire fraud:

| COUNT | DATE | AMOUNT | NATURE OF FINANCIAL TRANSACTION |
|---|---|---|---|
| 5 | 9/12/2013 | $16,000 | Transfer from the MC2 Account to the Aegis Atlantic Account |
| 6 | 9/12/2013 | $15,000 | Transfer from the MC2 Account to the Aegis Atlantic Account |

SUPERSEDING INDICTMENT
[UNDER SEAL]

5

| | 7 | 9/13/2013 | $25,000 | Transfer from the MC2 Account to the Aegis Atlantic Account |
|---|---|---|---|---|
| | 8 | 9/13/2013 | $20,000 | Transfer from the MC2 Account to the Aegis Atlantic Account |
| | 9 | 9/16/2013 | $290,000 | Transfer from the MC2 Account to the Aegis Atlantic Account |
| | 10 | 9/16/2013 | $58,500 | Automated Clearing House (ACH) payment from the MC2 Account to the East West Bank Account ending in -8266 and belonging to S.H. |
| | 11 | 9/16/2013 | $25,000 | Transfer from the MC2 Account to the Preserve24 Account |
| | 12 | 9/16/2013 | $38,025 | Wire from the East West Bank Account ending in -8266 and belonging to S.H., to J.L., a sailboat captain for GOGGIN. |
| | 13 | 9/24/2013 | $61,306.81 | Transfer from the MC2 Account to the Preserve24 Account |

Each in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION:    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

17. All of the allegations contained in this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

18. Upon a conviction for the offenses alleged in this Superseding Indictment, the defendant,

TERRENCE PATRICK GOGGIN,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the result of those violations including, but not limited to:

    a.    a forfeiture money judgment.

19. If any of the aforementioned property, as a result of any act or omission of defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

///

SUPERSEDING INDICTMENT
[UNDER SEAL]

6

1    e.   has been commingled with other property that cannot be divided without
2         difficulty;
3    any and all interest the defendant has in other property shall be vested in the United States and forfeited
4    to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).
5         All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States
6    Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

7    DATED:                              A TRUE BILL
8    9/13/18
9                                         _____
                                          FOREPERSON

10
11   ALEX G. TSE
     United States Attorney
12
13   _____
     DANIEL KALEBA
14   Deputy Chief, Criminal Division

15   (Approved as to form: _____ )
16                          AUSA KATIE BURROUGHS MEDEARIS

17
18
19
20
21
22
23
24
25
26
27
28

SUPERSEDING INDICTMENT
[UNDER SEAL]

7